**EXHIBIT 1**

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

| | |
|---|---|
| State of Illinois ) S.S. | |
| County of St. Clair ) | |

Case Number _____ 18L19 _____

Amount Claimed __ Excess of $50,000.00 __

| Plaintiff(s) | VS | Defendant(s) |
|---|---|---|
| MONIQUE BOOKS as Independent Administrator of the Estate of ROXANNE BRADFORD | | HSHS ST. ELIZABETH'S HOSPITAL, HSHS MEDICAL GROUP, INC., SAINT LOUIS UNIVERSITY, SIHF HEALTHCARE, ANNE N. NASH MD, VINCENT G. TICHENOR MD LINDSAY R. O'NEIL RN, JANE DOE RN |

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. Antoinette T. Schlapprizzi  Code _____
Address 211 North Broadway, Suite 2430
City St. Louis, MO 63102   Phone _____
Add. Pltf. Atty. 314-241-073   Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME Saint Louis University Serve:
   Timothy S. Richards, Registered Agent
ADDRESS 5 Park Place
   Belleville, IL 62226
CITY & STATE Belleville, IL 62220

## SUMMONS COPY

To the above named defendant(s)......:

☐ **A.** You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

**SEAL**
KAHALAH A CLAY, Circuit Clerk
1/24/2018
Diane Kirksey

WITNESS, _____ 20____
_____
Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: 1/26 20 18
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant

Date of service

_____

_____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . . $_____ |
| Total . . . . . . . . . . . . . . . . . . . . . . . $_____ _____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
MYRTLE SHANNON
18L19
St. Clair County
1/10/2018 5:30 PM
373401

STATE OF ILLINOIS
CIRCUIT COURT OF ST. CLAIR COUNTY, ILLINOIS

MONIQUE BROOKS as Independent )
Administrator of the Estate of ROXANNE )
BRADFORD, )
)
      Plaintiffs, )
)
v. )
) Case No. 18L19
HSHS ST. ELIZABETH'S HOSPITAL )
**SERVE:** Nicole J. Lewer-Holst )
Registered Agent )
224 W Garfield )
Belleville, IL 62220 )
) **JURY TRIAL DEMANDED**
HSHS MEDICAL GROUP, INC. )
**SERVE:** Amy L. Marquardt )
Registered Agent )
4936 Laverna Rd. )
Springfield, IL 62707 )
)
SAINT LOUIS UNIVERSITY )
**SERVE:** Timothy S. Richards )
Registered Agent )
5 Park Place )
Belleville, IL 62226 )
)
SIHF HEALTHCARE )
**SERVE:** Pete Themes )
Registered Agent )
20141 Goose Lake Rd )
Sauget, IL 62206 )
)
ANNE N. NASH, MD )
**SERVE:** )
180 S. 3rd St., #201 )
Belleville, IL 62220 )
)
VINCENT G. TICHENOR, MD )
**SERVE:** )
180 S. 3rd St., Ste. 400 )
Belleville, IL 62220 )
)

LINDSAY R. O'NEIL, RN                    )
**SERVE:**                               )
418 W. Dee St.                           )
Lebanon, IL 62254                        )
                                         )
And,                                     )
                                         )
JANE DOE, RN                             )
                                         )
      Defendants.                        )

## COMPLAINT

Comes now plaintiff, Monique Brooks, as Independent Administrator of the Estate of Roxanne Bradford, by and through her attorneys, and for her cause of action against defendants and each of them states:

### FACTS COMMON TO ALL COUNTS

1.      That this is a medical negligence wrongful death action pursuant to 740 ILCS 180/1 and 180/2 to recover damages for the wrongful death suffered by Roxanne Bradford, decedent, who died on January 14, 2016.

2.      That at all relevant times, Roxanne Bradford, decedent, was a resident of St. Clair County, Illinois.

3.      That Roxanne Bradford, decedent, is survived by her mother, Mildred D. Thomas, and three (3) siblings, Monique M. Brooks, Nidra L. Green, and Sylvester Bradford, Jr.

4.      That plaintiff, Monique Brooks, is the surviving sister of Roxanne Bradford, decedent; that plaintiff is and has been at all relevant times, a resident of the State of Illinois; that plaintiff has been appointed as Independent Administrator of the Estate of Roxanne Bradford for purposes of prosecuting claims pursuant to 740 ILCS 180/2.

5.      That defendant HSHS St. Elizabeth's Hospital (hereinafter "HSHS"), at all relevant times herein, was a duly organized and existing healthcare provider in the profession of

delivering healthcare services and training resident physicians who provided care and treatment in St. Clair County, Illinois.

      6.     That defendant HSHS Medical Group, Inc. (hereinafter "Medical Group"), at all relevant times herein, was a duly organized and existing healthcare provider in the profession of delivering healthcare services and training resident physicians who provided care and treatment in St. Clair County, Illinois.

      7.     That defendant St. Louis University (hereinafter "SLU"), at all relevant times herein, was a duly organized and existing non-profit institution delivering healthcare services and training resident physicians who provided care and treatment in St. Clair County, Illinois.

      8.     That defendant SIHF Healthcare (hereinafter "SIHF"), at all relevant times herein, was a duly organized and existing healthcare provider in the profession of delivering healthcare services and training resident physicians who provided care and treatment in St. Clair County, Illinois.

      9.     That defendant Anne N. Nash, M.D. (hereinafter "Nash") is a physician who is licensed to practice medicine in Illinois in internal medicine; that defendant Nash was at all relevant times herein employed by, was the actual or apparent agent or a member of either defendant Medical Group or defendant SIHF, and was acting within the course and scope of her employment or agency in the care and treatment of Roxanne Bradford, decedent.

      10.    That defendant Vincent G. Tichenor, M.D. (hereinafter "Tichenor") is a physician who is licensed to practice medicine in Illinois in internal medicine; that defendant Tichenor was at all relevant times herein employed by, was the actual or apparent agent or a member of either defendant HSHS, defendant Medical Group, defendant SLU or defendant SIHF, and was acting

3

within the course and scope of his employment or agency in the care and treatment of Roxanne Bradford, decedent.

11.     That on information and belief, defendant Lindsay R. O'Neil (hereinafter "Nurse O'Neil") is a nurse who at all relevant times herein was employed by, was the actual or apparent agent or member of either defendant HSHS or an as-yet unidentified nursing agency entity, and was acting within the course and scope of her employment or agency in the care and treatment of Roxanne Bradford, decedent.

12.     That on information and belief, defendant Jane Doe (hereinafter "Nurse Doe") is a nurse who at all relevant times herein was employed by, was the actual or apparent agent or member of defendant HSHS, or an as-yet unidentified nursing agency entity, and was acting within the course and scope of her employment or agency in the care and treatment of Roxanne Bradford, decedent.

13.     That on or about February 12, 2015, Roxanne Bradford, decedent was admitted to defendant HSHS, and defendants, and each of them individually and through each other and through their respective agents, servants and employees acting within the course and scope of their respective employment or agency for defendants undertook to treat Roxanne Bradford, decedent, as their patient;  that defendants, and each of them individually and through each other and through their agents, servants and employees acting within the course and scope of their employment or agency for defendants continued their aforesaid care and treatment of Roxanne Bradford, decedent, through February 26, 2015.

14.     That on or about February 16, 2015, Roxanne Bradford, decedent, developed a change in circumstances including symptoms of restlessness, confusion and respiratory difficulty, and thereafter became nonresponsive; that plaintiff suffered cardiac arrest and a code

4

was called at 1608; that at 1610 an inoperable AED was applied; that at 1617 an operating AED

was applied at which point Roxanne Bradford, decedent, was in atrial asystole; that at 1627

Roxanne Bradford, decedent, was in atrial systole.

15.     That as a result of the aforesaid events described in paragraph 14, Roxanne

Bradford, decedent, suffered hypoxic ischemic brain injury involving both cerebral hemispheres,

and death on January 14, 2016.

16.     That pursuant to 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure, there

is attached hereto as Exhibit "A" a requisite Affidavit of Plaintiff's counsel and as "Exhibit "B"

the written report of a health care professional or physician stating there is a reasonable and

meritorious basis for the filing of the action herein.

**COUNT I**

**Wrongful Death Claim, defendant HSHS**

17.     That plaintiff repleads, realleges and incorporates by reference all the allegations

contained in paragraphs 1 through 16 of this Complaint as though fully set forth in Count I

herein.

18.     That at all times mentioned herein, defendant HSHS retained and held out as

agents, servants and employees, nurses, who, while acting within the course and scope of their

employment or agency, did care, treat, and/or diagnose or undertake to care, treat and/or

diagnose, or supervise the care and treatment and medical condition of Roxanne Bradford,

decedent.

19.     That at all times mentioned herein, defendant HSHS had a duty to supervise,

monitor, and train members of the nursing team that were involved in the care and treatment of

Roxanne Bradford, decedent.

5

20.     That on or about February 16, 2015, it was the duty of defendant HSHS through its agents, servants and employees, including nurses, to exercise ordinary care toward Roxanne Bradford, decedent, yet notwithstanding said duty, and in breach of said duty, defendant HSHS, and its agents, servants and employees were negligent and unskillful in one or more of the following negligent acts or omissions:

  a. failed to recognize decedent's developing and ongoing change in circumstances,

  b. failed to properly monitor decedent's developing and ongoing change in circumstances,

  c. failed to accurately assess decedent's developing and ongoing change in circumstances,

  d. failed to timely diagnose, intervene, and treat decedent's developing and ongoing change in circumstances, including but not limited to contacting a physician to evaluate, examine and treat decedent's change in circumstances,

  e. delayed and failed to timely initiate resuscitation of decedent by cardiopulmonary resuscitation and defibrillation medical team,

  f. failed to maintain, quality control, and provide operable life-saving equipment, i.e., AED or crash cart, for code events such as decedent's February 16, 2015 code, and

  g. failed to provide adequate resuscitation equipment and facilities.

21.     That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth

in Count I – Count V herein, decedent suffered damage, including but not limited to cardiac arrest, hypoxic ischemic brain damage, conscious pain and suffering prior to death, and death.

22.     That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth in Count I – Count V herein, decedent was required to undergo necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment; that decedent became obligated for necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment in reasonable true value amounts.

23.     That decedent is survived by her mother, and three siblings, all of who suffered extreme grief, sorrow and mental suffering, and actual pecuniary loss, including but not limited to funeral, burial and other pecuniary losses by virtue of decedent's wrongful death, and have been deprived of her society, companionship, love, affection, aid and services.

WHEREFORE, plaintiff, Monique Brooks, as Independent Administrator of the Estate of Roxanne Bradford, prays that this court enter judgment in her favor and against defendant HSHS, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT II

### Wrongful Death Claim, defendant Nash

24.     That plaintiff repleads, realleges and incorporates by reference all the allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth in Count II herein.

25.     That at all times mentioned herein, either defendant Medical Group or defendant SIHF retained and held out as agents, servants and employees, physicians, including defendant Nash, who while acting within the course and scope of her employment or agency, did care,

7

treat, and/or diagnose or undertake to care, treat and/or diagnose, or supervise the care and treatment and medical condition of Roxanne Bradford, decedent.

26.     That at all times mentioned herein, either defendant Medical Group or defendant SIHF  had a duty to supervise, and monitor physicians, including defendant Nash, that were involved in the care and treatment of Roxanne Bradford, decedent.

27.     That on or about February 16, 2015, it was the duty of defendant Nash, and either defendant Medical Group or defendant SIHF, through defendant Nash as its agent, servant and employee, to possess, apply and exercise a degree of skill and learning ordinarily used by reasonably well-qualified physicians providing care and treatment, and to use the degree of care and skill which physicians would or should have used toward Roxanne Bradford, decedent, yet notwithstanding said duty, and in breach of said duty, defendant Nash, and either defendant Medical Group or defendant SIHF, through defendant Nash as its agent, servant and employee, was negligent and unskillful in one or more of the following negligent acts or omissions:

> a.  failed to recognize decedent's developing and ongoing change in circumstances,
>
> b.  failed to properly monitor decedent's developing and ongoing change in circumstances,
>
> c.  failed to accurately assess decedent's developing and ongoing change in circumstances,
>
> d.  failed to timely evaluate, examine, diagnose, intervene, and treat decedent's developing and ongoing change in circumstances,
>
> e.  delayed and failed to timely initiate resuscitation of decedent by cardiopulmonary resuscitation and defibrillation medical team.

8

28.     That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendant as set forth in Count I – Count V herein, decedent suffered damage, including but not limited to cardiac arrest, hypoxic ischemic brain damage, conscious pain and suffering prior to death, and death.

29.     That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth in Count I – Count V herein, decedent was required to undergo necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment; that decedent became obligated for necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment in reasonable true value amounts.

30.     That decedent is survived by her mother, and three siblings, all of who suffered extreme grief, sorrow and mental suffering, and actual pecuniary loss, including but not limited to funeral, burial and other pecuniary losses by virtue of decedent's wrongful death, and have been deprived of her society, companionship, love, affection, aid and services.

WHEREFORE, plaintiff, Monique Brooks, as Independent Administrator of the Estate of Roxanne Bradford, prays that this court enter judgment in her favor and against defendant Nash, and either defendant Medical Group or defendant SIHF, , in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

### COUNT III

### Wrongful Death Claim, defendant Tichenor

31.     That plaintiff repleads, realleges and incorporates by reference all the allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth in Count III herein.

9

32.     That at all times mentioned herein either defendant HSHS, defendant Medical Group, defendant SLU or defendant SIHF held out as agents, servants and employees, resident physicians, including defendant Tichenor, who while acting within the course and scope of his employment or agency, did care, treat, and/or diagnose or undertake to care, treat and/or diagnose, or supervise the care and treatment and medical condition of Roxanne Bradford, decedent.

33.     That at all times mentioned herein either defendant HSHS, defendant Medical Group, defendant SLU or defendant SIHF had a duty to supervise, monitor, and train resident physicians, including defendant Tichenor, that were involved in the care and treatment of Roxanne Bradford, decedent.

34.     That on or about February 16, 2015, it was the duty of defendant Tichenor, and either defendant HSHS, defendant Medical Group, defendant SLU or defendant SIHF, through defendant Tichenor as its agent, servant and employee, to possess, apply and exercise a degree of skill and learning ordinarily used by reasonably well-qualified physicians providing care and treatment, and to use the degree of care and skill which physicians would or should have used toward Roxanne Bradford, decedent, yet notwithstanding said duty, and in breach of said duty, defendant Tichenor, and either defendant HSHS, defendant Medical Group, defendant SLU or defendant SIHF, through defendant Tichenor as its agent, servant and employee, was negligent and unskillful in one or more of the following negligent acts or omissions:

a.     failed to recognize decedent's developing and ongoing change in circumstances,

b.     failed to properly monitor decedent's developing and ongoing change in circumstances,

10

c.      failed to accurately assess decedent's developing and ongoing change in circumstances,

d.      failed to timely evaluate, examine, diagnose, intervene, and treat decedent's developing and ongoing change in circumstances,

e.      delayed and failed to timely initiate resuscitation of decedent by cardiopulmonary resuscitation and defibrillation medical team.

35.     That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendant as set forth in Count I – Count V herein, decedent suffered damage, including but not limited to cardiac arrest, hypoxic ischemic brain damage, conscious pain and suffering prior to death, and death.

36.     That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth in Count I – Count V herein, decedent was required to undergo necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment; that decedent became obligated for necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment in reasonable true value amounts.

37.     That decedent is survived by her mother, and three siblings, all of who suffered extreme grief, sorrow and mental suffering, and actual pecuniary loss, including but not limited to funeral, burial and other pecuniary losses by virtue of decedent's wrongful death, and have been deprived of her society, companionship, love, affection, aid and services.

WHEREFORE, plaintiff, Monique Brooks, as Independent Administrator of the Estate of Roxanne Bradford, prays that this court enter judgment in her favor and against defendant

Tichenor, and either defendant HSHS, defendant Medical Group, defendant SLU or defendant

SIHF, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT IV

### Wrongful Death Claim against Defendant O'Neil

38.     That plaintiff repleads, realleges and incorporates by reference all the allegations

contained in paragraphs 1 through 16 of this Complaint as though fully set forth in Count IV

herein.

39.     That on or about February 16, 2015, it was the duty of defendant O'Neil to

possess, apply and exercise a degree of skill and learning ordinarily used by reasonably well-

qualified nurses providing care and treatment, and to use the degree of care and skill which

nurses would or should have used toward Roxanne Bradford, decedent, yet notwithstanding said

duty, and in breach of said duty, defendant O'Neil, was negligent and unskillful in one or more

of the following negligent acts or omissions:

        a.  failed to recognize decedent's developing and ongoing change in circumstances,

        b.  failed to properly monitor decedent's developing and ongoing change in circumstances,

        c.  failed to accurately assess decedent's developing and ongoing change in circumstances,

        d.  failed to timely diagnose, intervene, and treat decedent's developing and ongoing change in circumstances, including but not limited to contacting a physician to evaluate, examine and treat decedent's change in circumstances,

    e. delayed and failed to timely initiate resuscitation of decedent by cardiopulmonary resuscitation and defibrillation medical team.

40. That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth in Count I – Count V herein, decedent suffered damage, including but not limited to cardiac arrest, hypoxic ischemic brain damage, conscious pain and suffering prior to death, and death.

41. That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth in Count I – Count V herein, decedent was required to undergo necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment; that decedent became obligated for necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment in reasonable true value amounts.

42. That decedent is survived by her mother, and three siblings, all of who suffered extreme grief, sorrow and mental suffering, and actual pecuniary loss, including but not limited to funeral, burial and other pecuniary losses by virtue of decedent's wrongful death, and have been deprived of her society, companionship, love, affection, aid and services.

WHEREFORE, plaintiff, Monique Brooks, as Independent Administrator of the Estate of Roxanne Bradford, prays that this court enter judgment in her favor and against defendant O'Neil, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

13

## COUNT V

### Wrongful Death Claim against Defendant Doe

43.    That plaintiff repleads, realleges and incorporates by reference all the allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth in Count V herein.

44.    That on or about February 16, 2015, it was the duty of defendant Doe to possess, apply and exercise a degree of skill and learning ordinarily used by reasonably well-qualified nurses providing care and treatment, and to use the degree of care and skill which nurses would or should have used toward Roxanne Bradford, decedent, yet notwithstanding said duty, and in breach of said duty, defendant Doe, was negligent and unskillful in one or more of the following negligent acts or omissions:

    a.    failed to recognize decedent's developing and ongoing change in circumstances,

    b.    failed to properly monitor decedent's developing and ongoing change in circumstances,

    c.    failed to accurately assess decedent's developing and ongoing change in circumstances,

    d.    failed to timely diagnose, intervene, and treat decedent's developing and ongoing change in circumstances, including but not limited to contacting a physician to evaluate, examine and treat decedent's change in circumstances,

    e.    delayed and failed to timely initiate resuscitation of decedent by cardiopulmonary resuscitation and defibrillation medical team.

14

45. That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth in Count I – Count V herein, decedent suffered damage, including but not limited to cardiac arrest, hypoxic ischemic brain damage, conscious pain and suffering prior to death, and death.

46. That as a direct and proximate result of one or more of the aforesaid acts of negligence, combined, concurred, and contributed with the negligence of defendants as set forth in Count I – Count V herein, decedent was required to undergo necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment; that decedent became obligated for necessary medical, therapeutic, hospital, surgical, and skilled nursing care and treatment in reasonable true value amounts.

47. That decedent is survived by her mother, and three siblings, all of who suffered extreme grief, sorrow and mental suffering, and actual pecuniary loss, including but not limited to funeral, burial and other pecuniary losses by virtue of decedent's wrongful death, and have been deprived of her society, companionship, love, affection, aid and services.

WHEREFORE, plaintiff, Monique Brooks, as Independent Administrator of the Estate of Roxanne Bradford, prays that this court enter judgment in her favor and against defendant Doe, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE**

15

DONALD L. SCHLAPPRIZZI, P.C.
Attorney for Plaintiffs


s/ Antoinette T. Schlapprizzi_____
By:    Antoinette T. Schlapprizzi, # 6305040
       211 N. Broadway, Suite 2430
       St. Louis, Missouri 63102
       314-241-0763
       314-241-0787 fax
       toni@schlapprizzipc.com

STATE OF ILLINOIS
CIRCUIT COURT OF ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| MONIQUE BROOKS as Independent | ) | |
| Administrator of the Estate of  ROXANNE | ) | |
| BRADFORD, | ) | |
| | ) | **Exhibit A** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| HSHS ST. ELIZABETH'S HOSPITAL, | ) | |
| HSHS MEDICAL GROUP, INC., | ) | |
| SAINT LOUIS UNIVERSITY, SIHF | ) | |
| HEALTHCARE, ANNE N. NASH, MD, | ) | |
| VINCENT G. TICHENOR, MD, | ) | |
| LINDSAY R. O'NEIL, RN, and JANE | ) | |
| DOE, RN. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT

I, Antoinette T. Schlapprizzi, an attorney of record for Plaintiff herein, and state that pursuant to 735 ILCS 5/2-622 I have reviewed and consulted the facts of the case with a physician who is knowledgeable in the relevant issues involved in this action; has treated patients with conditions similar to decedent's and possesses experience and competence in the areas of medicine which are the subject of this case.  Said physician has determined in a written report (attached hereto), after review of medical records and other relevant material in this action that there is a reasonable and meritorious cause for the filing of this action.  The liability of HSHS St. Elizabeth's Hospital, HSHS Medical Group, Inc., Saint Louis University, SIHF Healthcare, Anne N. Nash, MD, Vincent G. Tichenor, MD, Lindsay R. O'Neil, RN, and Jane Doe, RN arises by operation of law.

Antoinette T. Schlapprizzi

1

Before me personally appeared Antoinette T. Schlapprizzi and swore that the above and foregoing is true to the best of her personal knowledge, information and belief.

Subscribed and sworn to this _10th_ day of January, 2018.

_____
_Louise Pratt_
Notary Public

My Commission Expires:

```
┌─────────────────────────────────┐
│          LOUISE PRATT           │
│  Notary Public, Notary Seal     │
│        State of Missouri        │
│        St. Charles County       │
│     Commission # 14629673       │
│ My Commission Expires August 19, 2018 │
└─────────────────────────────────┘
```

2

Exhibit B

## CERTIFICATE OF MERIT

I, ███████████████████████████████████ am a physician licensed to practice medicine in the States of Illinois and Missouri. I am knowledgeable in the relevant issues involved in the treatment of pressure ulcers and bedsores. My practice within the last seventeen (27) years includes emergency medicine, occupational medicine and rehabilitation medicine. I am qualified by experience and have demonstrated competence in the proper treatment of bedridden patients suffering from the complications of immobility.   I am aware of the standards of care involved in this field of medical care and treatment.

I have reviewed all relevant medical records pertaining to the care and treatment rendered to Roxanne Bradford. Based upon my review of those records I have concluded that Helia Health Care, Willow Creek Rehab and Nursing, Southern Illinois Healthcare Foundation, and John Magner MD violated the standard of care including the following:

1. Failed to take Ms. Bradford's limited mobility seriously and did not take precautions to prevent the breakdown of her skin leading to the erosion of skin tissues leading to deep bedsores.

2. Failed to reposition Ms. Bradford periodically to prevent the breakdown of her skin.

3. Failed to diagnose the developing pressure ulcers and skin lesions on Ms. Bradford's body. This is the standard of care for disabled persons suffering from weakness, immobility. And limited levels of consciousness.

4. Failed to recognize the potential danger for skin infection (cellulitis) that arises from pressure ulcers in an elderly person which could lead to septic infection in the blood, osteomyelitis in the bones, and other serious complications that could be life threatening.

5. Delayed recognizing the breakdown of Ms. Bradford's skin until the problem was very serious.

6. Caused unnecessary pain and discomfort to Ms. Bradford when they finally tried cleaning and treating the wounds, requiring administration of pain medication.

7. Their negligence and poor care of Ms. Bradford may have contributed to her untimely death.

These deviations from the standard of care contributed to the debilitated condition of Ms. Bradford, including on-going pain and may have hastened her death.   I have determined for the

Bradford -1

reasons stated above, after a review of the medical record and other relevant material involved in this matter, that there is a reasonable and meritorious cause for the filing of legal action.

██████████████████████

██████████████████████████████

31 August 2017

Bradford -2