IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MONIQUE BROOKS, as Independent Administrator of the Estate of Roxanne Bradford, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:18-CV-563-NJR-DGW |
| HSHS MEDICAL GROUP, INC., LINDSAY R. O'NEIL, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, UNITED STATES OF AMERICA, and JANE DOE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MONIQUE BROOKS, as Independent Administrator of the Estate of Roxanne Bradford, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:18-CV-01097-NJR-SCW |
| HELIA HEALTHCARE OF BELLEVILLE, LLC, d/b/a Willow Creek Rehabilitation & Nursing Center, LLC, | ) ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

These cases are before the Court on several pending issues: whether the cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, whether Plaintiff Monique Brooks's claims against Defendants St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis ("St. Elizabeth's Hospital"), HSHS

Medical Group, Inc., and Lindsay R. O'Neil, R.N., should be dismissed under the statute of limitations and for failure to comply with 735 ILCS 5/2-622, and whether the claims against the United States should be dismissed for failure to exhaust administrative remedies. The Court addresses each issue as follows.

I. **Consolidation**

On October 3, 2018, the undersigned entered an Order to Show Cause why these two independent actions should not be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, as they appear to raise common issues of law and/or fact related to the death of decedent Roxanne Bradford (Doc. 30).

In response to the Order, Plaintiff Monique Brooks, Defendant United States of America, and Defendant Helia Healthcare of Belleville, LLC, indicated they have no objection to the consolidation of these two cases. Defendants St. Elizabeth's Hospital, HSHS Medical Group, Inc., and Lindsay R. O'Neil did not respond by the deadline. Accordingly, these actions shall be consolidated for all further proceedings.

II. **Motion to Dismiss Plaintiff's First Amended Complaint**

Defendants St. Elizabeth's Hospital, HSHS Medical Group, Inc., and Lindsay R. O'Neil, R.N., have moved to dismiss Plaintiff's Amended Complaint with respect to all counts asserted against them because, they argue, the Amended Complaint was filed outside the statute of limitations and fails to comport with 735 ILCS 5/2-622 ("Section 2-622") (Doc. 21, No. 18-cv-563-NJR-DGW).

**BACKGROUND**

According to the Amended Complaint, Plaintiff Monique Brooks is the surviving

sister of decedent Roxanne Bradford (Doc. 20, p. 1-2). Brooks alleges Bradford was admitted to Defendant St. Elizabeth's Hospital on February 12, 2015 (*Id.*, p. 4). On February 16, 2015, Bradford developed "a change in circumstances including symptoms of restlessness, confusion and respiratory difficulty" (*Id.*). She thereafter became nonresponsive and suffered cardiac arrest (*Id.*). Brooks alleges that an inoperable AED (automated external defibrillator) was applied to Bradford (*Id.*). Seven minutes later, an operating AED was applied, at which point Bradford was in atrial asystole. Ten minutes after that, Bradford was in atrial systole (*Id.*).[1] As a result of these events, Brooks alleges Bradford suffered hypoxic ischemic brain injury involving both cerebral hemispheres (*Id.*). Brooks died on January 14, 2016 (*Id.*).

Brooks filed a complaint in St. Clair County, Illinois, on January 10, 2018, alleging wrongful death caused by Defendants' medical negligence (Doc. 1-1). When Brooks initially filed her state court complaint, she attached an attorney affidavit attesting she had consulted with a physician who opined there was a meritorious cause for filing this action, as required by Section 2-622 (Doc. 1-1, p. 19). The attached certificate of merit, however, concerned the now-consolidated case against Helia Healthcare of Belleville, LLC (Doc. 1-1, p. 21). On February 14, 2018, Defendants filed a motion to dismiss in state court, which, for the first time, alerted Plaintiff's counsel that the wrong certificate of merit had been attached to the state court complaint (Doc. 23, p. 1). That same day, counsel filed a memorandum to the state court withdrawing the incorrect certificate and

---

[1] Atrial asystole is a "form of cardiac arrest in which the heart stops beating and there is no electrical activity in the heart," while atrial systole is the "time period when the heart is contracting." MedicineNet, https://www.medicinenet.com (last visited October 19, 2018).

substituting the correct one, dated December 20, 2017 (*Id.*, p. 2). The certificate of merit stated:

> Thank you for the opportunity to provide an expert medical opinion regarding the care of Roxanne Bradford at St. Elizabeth's Hospital in February 2015. My opinions are stated within a reasonable degree of medical certainty based on my training, knowledge, and experience. I am familiar with the applicable standards of care. In forming my opinions, I reviewed pertinent medical records from St. Elizabeth's Hospital and St. Louis University Hospital.
>
> It is my opinion that St. Elizabeth's Hospital, its nurses, and treating physicians failed to meet the standard of care, and that the plaintiff's concerns of negligence are meritorious.

Plaintiff's counsel did not, however, file the required affidavit of counsel.

Defendants made no objection to the certificate of merit at that time. Nevertheless, Brooks requested that the same consulting physician indicate with more specificity the basis for the physician's opinions (Doc. 23, p. 2). On February 21, 2018, Brooks's consulting physician provided separate reports addressing the conduct of each Defendant except for Defendant Doe (*Id.*). The case was removed to this Court on March 12, 2018 (Doc. 1).

On April 18, 2018, Defendants filed their first motion to dismiss in this Court, again based on Plaintiff's failure to comply with Section 2-622 (Doc. 10). On May 18, 2018, Brooks filed a Motion for Leave to File Amended Complaint and for Leave to File Amended Section 2-622 Certificates and Reports (Doc. 15). Brooks submitted to the Court and to the parties a proposed Amended Complaint referencing the proposed amended Section 2-622 documents. Defendants did not file an opposition to the motion. The undersigned granted Brooks leave to amend, and she filed the amended documents

on June 29, 2018 (Doc. 20). On July 13, 2018, Defendants filed their current Motion to Dismiss (Doc. 21).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

## DISCUSSION

### A. Failure to Comply with 735 ILCS 5/2-622

Defendants St. Elizabeth's Hospital, HSHS Medical Group, Inc., and Lindsay R. O'Neil, R.N., first assert that Brooks failed to procedurally comply with the requirements of Section 2-622; therefore, the Amended Complaint should be dismissed. *See* 735 ILCS 5/2-622(g).

Section 2-622(a)(1) requires every plaintiff alleging "medical, hospital, or other healing art malpractice" to attach to his or her complaint an affidavit stating that the affiant has consulted with a healthcare professional in whose opinion there is a "reasonable and meritorious cause" for filing the complaint. 735 ILCS 5/2-622(a)(1). Additionally, the plaintiff must attach a written report of the healthcare professional, attesting to the basis of this determination. *Id.*

"Section 2-622(a)(1) is designed to screen and deter frivolous or nonmeritorious

medical negligence claims." *Lee v. Berkshire Nursing & Rehab Ctr., LLC*, 2018 IL App (1st) 171344, ¶ 14 (Ill. App. Ct. 2018) (citing *Schroeder v. Northwest Community Hospital*, 862 N.E.2d 1011, 1021 (2006)). "[T]he statute should be liberally construed and not mechanically applied to deprive a plaintiff of [her] substantive rights." *Id.* It is "not a substantive defense which may be employed to bar plaintiffs who fail to meet its terms." *Schroeder*, 862 N.E.2d at 1021. Instead, a plaintiff "should be allowed every reasonable opportunity to establish her case," meaning the statute must be "liberally construed and not mechanically applied to deprive a plaintiff of her substantive rights." *Id.*

Illinois courts have found that a "sound exercise of discretion" mandates that a plaintiff be afforded the opportunity to amend her complaint in order to comply with section 2–622. *See Fox v. Gauto*, 995 N.E.2d 1026, 1030 (Ill. App. Ct. 2013); *Schroeder*, 862 N.E.2d at 1021 (Ill. App. Ct. 2006); *Cammon v. West Suburban Hospital Medical Center*, 704 N.E.2d 731, 739 (Ill. App. 1998). To hold otherwise would permit a defendant to use Section 2-622 as a substantive defense to bar a plaintiff from establishing her case. *Id.*

In this case, the Court is not persuaded by Defendants' procedural arguments, particularly with regard to the wrong affidavit being attached to the state court complaint and Brooks's Memorandum to the Court being a nullity in state court. Brooks filed a motion for leave to amend the complaint and file her amended Section 2-622 Certificates and Reports in *this* Court (Doc. 15), and Defendants filed no opposition to that motion. Accordingly, the Court granted Brooks leave to file the amended documents (Doc. 18). The amended certificates and reports are the current documents before the Court.

The Court also is not persuaded that Brooks's motion for leave to file the amended certificates and reports was untimely. Again, Defendants filed no opposition to the motion for leave to amend. Furthermore, Brooks was not asking for an extension of time pursuant to 2-622(a)(2) or (3). Instead, she was asking to amend her complaint and add the proper supporting documentation. The Federal Rules of Civil Procedure, which govern this issue, instruct that the Court should freely give leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2); *see also Schroeder*, 862 N.E.2d at 1022. To refuse Brooks the opportunity to amend because of the aforementioned procedural issues would allow Defendants to use Section 2-622 as a substantive defense to bar Brooks from establishing her case, the precise situation warned against by Illinois courts.

Instead, the Court agrees with Brooks that the proper standard to apply is whether the amendment would cause "prejudice" to the defense, and Defendants have provided no explanation as to how allowing Brooks to amend her pleadings unduly prejudices them. Accordingly, the Court will not dismiss the Amended Complaint as to Defendants for failure to comply with the requirements of Section 2-622.

**B.    Statute of Limitations**

Defendants St. Elizabeth's Hospital, HSHS Medical Group, Inc., and Lindsay R. O'Neil, R.N., next argue the Amended Complaint should be dismissed because it was filed in contravention of the relevant statute of limitations.

The statute of limitations is an affirmative defense, and a plaintiff is not required to anticipate and plead around affirmative defenses. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "Complaints need not contain any information

about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Hence, the statute of limitations "is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir.2004). However, if a plaintiff pleads himself out of court by admitting "all the ingredients of an impenetrable defense," dismissal is appropriate. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "When reviewing a Rule 12(b)(6) dismissal of state law claims based on a statute of limitations, we apply state law regarding the statute of limitations and 'any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel.'" *Indep. Tr. Corp.*, 665 F.3d 930, 935 (quoting *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010)).

Defendants assert that the applicable statute of limitations is governed by 735 ILCS 5/13-212, which states:

> [N]o action for damages for injury or death against any physician, . . . registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known . . . of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first.

735 ILCS 5/13-212(a). Defendants argue that because the alleged negligent treatment occurred from February 12, 2015, to February 26, 2015, and because Brooks contends an injury was incurred in the course of that treatment, Brooks was on inquiry notice regarding the treatment at issue by February 26, 2015. Therefore, she had until February 26, 2017 to file her lawsuit. Because she filed her cause of action on January 10, 2018, her lawsuit was untimely.

Brooks does not dispute that the limitations period is governed by 735 ILCS 5/13-212, but asserts the applicable statute of limitations is, at the very least, two years after the date of *death* when a plaintiff is asserting wrongful death based on medical malpractice. *See Moon v. Rhode*, 67 N.E.3d 220, 227 (Ill. 2016) ("the statute of limitations in a wrongful death action alleging medical malpractice begins to run when a plaintiff knows or reasonably should know of the death and also knows or reasonably should know that it was wrongfully caused"). That period can be extended by the discovery rule, which delays the commencement of the statute of limitations until the plaintiff knows or reasonably should know of the injury and that it was wrongfully caused. *Id.*

In this case, Brooks is alleging wrongful death based on medical malpractice. Therefore, the statute of limitations began to run when Brooks became aware of (1) the death and (2) that it was wrongfully caused. *Moon*, 67 N.E.3d at 227. Brooks could not have been aware of decedent's death until January 14, 2016. Because Brooks filed her complaint on January 10, 2018, less than two years after the decedent's death, it was timely filed. Defendants' motion to dismiss is denied.

### III. Motion for Summary Judgment for Failure to Exhaust Administrative Remedies and Motion to Reconsider filed by United States of America

Defendant United States of America also has two motions pending in Case No. 18-cv-563-NJR-DGW. First, the United States has moved for summary judgment on the issue of exhaustion of administrative remedies (Doc. 17). Second, the United States asks the Court to reconsider its Order staying its ruling on summary judgment on the issue of exhaustion until the time for Brooks to exhaust had expired (Doc. 25).

Both motions are premised on the same argument: a plaintiff is required to exhaust her administrative remedies prior to filing suit against the United States for money damages. Failure to do so requires dismissal of the United States as a defendant.

The Federal Tort Claims Act (FTCA), 28 U.S.C. 2675(a), states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The United States relies on *McNeil v. United States*, in which the plaintiff filed suit under the FTCA in the Northern District of Illinois in March 1989. *McNeil,* 508 U.S. 106, 108. The plaintiff subsequently submitted an administrative claim on July 7, 1989. *Id.* The United States Supreme Court ultimately held that McNeil's suit was premature and, therefore, barred by the FTCA. *Id.* at 113. The Court reasoned that, based on the plain language of the statute, an action is deemed instituted when a plaintiff files an FTCA claim against United States in federal court. The Court further pointed out that the aggregated effect of every premature filing of an action under the FTCA imposes an enormous burden on the judicial system and the Department of Justice. *Id.* Therefore, requiring complete exhaustion of administrative remedies prior to filing suit under the FTCA best serves the interest of the orderly administration of justice. *Id.* at 112.

In *Valadez-Lopez v. Chertoff*, however, the Ninth Circuit held that the plaintiff exhausted his administrative remedies when he initially filed a suit under a non-FTCA federal statute and later amended his complaint to add an FTCA claim. *Valadez-Lopez v.*

*Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011). The court distinguished *McNeil* on the grounds that the plaintiff did not raise an FTCA claim in his original complaint. *Id.* at 855. The Ninth Circuit reasoned that when a plaintiff brings other claims prior to exhaustion and later adds an FTCA claim, dismissing the FTCA claim and requiring the plaintiff to file a new lawsuit—which would then be consolidated with the pending action—runs counter to the objective of the exhaustion requirement: saving judicial resources and promoting settlement. *Id.* at 857; *see also Foerder v. Mathis*, NO. 17-cv-429-SMY-RJD, 2018 WL 2431409 (S.D. Ill. May 30, 2018) (allowing plaintiff to amend an existing federal complaint to add an FTCA claim once he exhausted his administrative remedies).

This Court finds the Ninth Circuit's approach more applicable here. Brooks initially filed this case as a state court wrongful death lawsuit. She never instituted a cause of action against the United States in federal court, nor did she plead any claims under the FTCA. At the time she filed her lawsuit, she had no knowledge of the Government's involvement. Once the United States removed the case to this Court, Brooks immediately filed an administrative claim, which is now exhausted (*see* Doc. 27).

Contrary to the Government's argument, requiring dismissal of the United States, only to have Brooks refile a new lawsuit, would burden the judicial system. Accordingly, the Motion for Summary Judgment (Doc. 17) and the Motion for Reconsideration (Doc. 25) filed by the United States are denied.

## Conclusion

For the reasons stated above, Case No. 18-cv-563-NJR-DGW and Case No. 18-cv-1097-NJR-SCW are hereby **CONSOLIDATED** for all further proceedings. Case

No. 18-CV-563-NJR-DGW will be the lead case, and the parties are **DIRECTED** to file all future pleadings in that case only.

The Motion to Dismiss filed by Defendants St. Elizabeth's Hospital, HSHS Medical Group, Inc., and Lindsay R. O'Neil, R.N. (Doc. 21) is **DENIED**. The Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 17) and the Motion to Reconsider (Doc. 25) filed by Defendant United States are also **DENIED**.

Plaintiff's Motion for Leave to File Second Amended Complaint to properly add claims arising under the FTCA (Doc. 26) is **GRANTED**. Plaintiff shall file her Second Amended Complaint no later than **Friday, October 26, 2018**.

Finally, Magistrate Judge Wilkerson is **DIRECTED** to set a Scheduling and Discovery Conference upon the assignment of this case to Track C.

**IT IS SO ORDERED.**

DATED: October 22, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**