IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MONIQUE BROOKS, as independent administrator of the estate of ROXANNE BRADFORD, | ) ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:18-CV-563-NJR-GCS |
| HSHS MEDICAL GROUP, INC., LINDSAY R. O'NEIL, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, UNITED STATES OF AMERICA, and JANE DOE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

| MONIQUE BROOKS, as independent administrator of the estate of ROXANNE BRADFORD, | ) ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:18-CV-1097-NJR-GCS |
| HELIA HEALTHCARE OF BELLEVILLE, LLC, d/b/a Willow Creek Rehabilitation & Nursing Center, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Combined Motion to Dismiss Plaintiff's Second Amended Complaint and Remand the Consolidated Case filed by Defendant United States of America (Doc. 59), as well as the Motion for Leave to File Third Amended

Complaint to Add Claims Under the Illinois Survival Statute and for Leave to File Amended Section 2-622 Documents filed by Plaintiff Monique Brooks (Doc. 62).

Plaintiff Monique Brooks, the surviving sister of decedent Roxanne Bradford, initially filed these now-consolidated lawsuits in the Circuit Court of St. Clair County, Illinois, alleging various negligence and wrongful death claims against Defendants (3:18-cv-563, Doc. 1-1; 3:18-cv-1097, Doc. 1-1).[1] Both actions were removed to this Court before being consolidated by the undersigned because they presented common issues of fact and law regarding the cause of Roxanne Bradford's death.

The United States now asks the Court to dismiss Plaintiff's Second Amended Complaint (Doc. 37) for failure to comply with the requirements of 735 ILL. COMP. STAT. § 5/2-622(a) ("Section 2-622"). The United States also seeks remand of the consolidated case, *Brooks v. Helia Healthcare of Belleville, LLC, d/b/a Willow Creek Rehabilitation & Nursing Center, LLC*, No. 3:18-cv-1097-NJR-GCS, for lack of subject matter jurisdiction. For the reasons set forth below, the motion to dismiss and the motion to remand are denied, while Plaintiff's motion for leave to amend the complaint her Section 2-622 documents is granted.

I.      **Motion to Dismiss for Failure to Comply with 735 ILCS 5/2-622**

A claim made in Illinois pursuant to the Federal Tort Claims Act, Title 28 U.S.C. § 267, is subject to the requirements of the Illinois Healing Art Malpractice Act. *Hahn v. Walsh*, 762 F.3d 617, 634 (7th Cir. 2014). A certificate of merit affidavit and physician's report must be attached to the complaint; failure to attach the required documents

---

[1] All future references to docket entries are from Case No. 3:18-cv-563 unless otherwise noted.

warrants dismissal without prejudice. § 2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success. *Sherrod*, 223 F.3d at 613.

As discussed in the Court's previous order (Doc. 33), Illinois courts have found that a "sound exercise of discretion" mandates that a plaintiff be afforded the opportunity to amend her complaint to comply with Section 2–622. *See Fox v. Gauto*, 995 N.E.2d 1026, 1030 (Ill. App. Ct. 2013); *Schroeder v. Northwest Cmty. Hosp.*, 862 N.E.2d at 1021 (Ill. App. Ct. 2006); *Cammon v. West Suburban Hosp. Medical Ctr.*, 704 N.E.2d 731, 739 (Ill. App. Ct. 1998); *Cuthbertson v. Axelrod*, 282 Ill. App. 3d 1027, 1034, 669 N.E.2d 601, 606 (Ill. App. Ct. 1996) ("Amendments to pleadings are liberally allowed to enable medical malpractice claims to be decided on their merits rather than on procedural technicalities."). To hold otherwise would permit a defendant to use Section 2-622 as a substantive defense to bar a plaintiff from establishing her case. *Id*.

Dismissing an action with prejudice for failure to comply with Section 2-622 is only warranted where plaintiff's counsel is clearly "unwilling or unable to comply with statutory requirements." *Giegoldt v. Condell Med. Ctr.*, 328 Ill. App. 3d 907, 914, 767 N.E.2d 497, 503 (2002), *overruled on other grounds by O'Casek v. Children's Home & Aid Soc. of Illinois*, 229 Ill. 2d 421, 892 N.E.2d 994 (2008).

Here, Defendant United States of America has filed a motion to dismiss because—for a third time—Brooks has failed to adhere to the requirements of Section 2-622. Specifically, Brooks failed to attach the affidavits of merit and physician reports filed with

her First Amended Complaint to her Second Amended Complaint (Doc. 59). The United States also argues that the previously filed affidavits and reports are deficient under Illinois law. After the motion to dismiss was filed, Brooks filed the previously-filed affidavits of merit and physician reports as Exhibits 1-6 (Doc. 61). Brooks also filed a Motion for Leave to File Third Amended Complaint (Doc. 62).

Despite Brooks's failure to attach the required affidavits and physician's reports, the Court declines to dismiss her case. In *Giegoldt*, cited by the United States, the court exercised its discretion to dismiss with prejudice because the plaintiff's counsel "never came close to complying with the statute's requirements," despite the court's multiple attempts to guide the plaintiff to do so. *Giegoldt*, 767 N.E.2d at 503. In this case, though, counsel has shown an ability and willingness to comply with Section 2-622 when she attached the affidavits and physician reports to the First Amended Complaint. A mere oversight does not warrant dismissal of the Second Amended Complaint.

The United States also argues, however, that even if Brooks were allowed to rely upon the previously-filed affidavits and physician reports, those documents would not comply with Section 2-622 for two reasons: (1) the physician did not specifically state that he or she has practiced or taught within the past six years; and (2) Brooks's attorney did not specifically attest that she personally believes the case has merit.

Under Section 2-622(a)(1), only the attorney is required to attest that the physician practices or has practiced within the last six years. While counsel's affidavit did not explicitly state that belief, her proposed amended affidavit would cure that defect. Furthermore, typically, an argument regarding a physician's qualification stems from a

concern that the physician lacks experience and expertise in the specific area at issue as opposed to a technical defect in the affidavit. *See Cuthbertson*, 669 N.E.2d at 606 (court did not abuse its discretion in dismissing case when "the error involved . . . was not minor or technical; plaintiff's physician was deficient in the medical subjects at issue and thus unable to render a competent opinion."). That is not a concern here, as the physician's report indicates he or she has been certified in Advanced Cardiac Life Support continuously "for decades" and has taught courses on the same. He or she also has been involved in making and enforcing hospital policy regarding codes and has been a faculty member of an Internal Medicine residency.

Illinois law also requires that the plaintiff's attorney file an affidavit declaring "the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action." § 2-622(a)(1). Here, the attorney affidavit stated that the *physician*, not the attorney, determined there is a reasonable and meritorious cause for the filing of this action. Again, Brooks's proposed amended affidavit would cure that technical defect, so the Court declines to exercise its discretion to dismiss the case on these grounds. *See Hagood v. O'Conner*, 165 Ill. App. 3d 367, 374, 519 N.E.2d 66, 70 (1988) ("The Healing Art Malpractice Act was enacted to deter nonmeritorious litigation. It should not be so strictly construed that exquisite and fine technicalities can be used as a means of stripping plaintiffs of their substantive rights and their day in court.").

Accordingly, the motion to dismiss filed by the United States is denied, and Brooks's motion for leave to amend the complaint is granted.

## II. Motion to Remand

The United States also has moved to remand the consolidated case, *Brooks v. Helia Healthcare of Belleville, LLC, d/b/a Willow Creek Rehabilitation & Nursing Center, LLC*, No. 3:18-cv-01097-NJR-GCS. The United States admits it did not object to consolidation of these cases at the time, but now argues the Court has no discernable basis for subject matter jurisdiction over the consolidated case. Thus, it argues, the case should be remanded.

It's true, consolidation "does not merge the suits into a single cause." *Johnson v. Manhattan R. Co.,* 289 U.S. 479, 496–497 (1933). Even if two actions involve a common question of law or fact, the actions can only be consolidated if each separate action is properly before the court. *See United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987).

Here, however, the action against Helia is properly before this Court. At the time of removal, the defendants included Helia Healthcare, John Magner, M.D., and Southern Illinois Healthcare Foundation. As employees of an agency of the United States of America, Dr. Magner and Southern Illinois Healthcare Foundation were eligible for Federal Tort Claims Act coverage. 42 U.S.C. § 233(c). Accordingly, the United States of America was substituted in their place (3:18-cv-1097, Doc. 16). Brooks then amended her complaint to drop her claims against the United States, leaving only her state law claim against Helia Healthcare (*Id.*, Doc. 24).

At that point, the Court maintained supplemental jurisdiction over Brooks's claim against Helia Healthcare pursuant to 28 U.S.C. § 1367. A district court's decision whether

to exercise supplemental jurisdiction after every claim over which it had original jurisdiction—even when those claims are voluntarily dismissed—is purely discretionary. *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010); *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009) ("A district court is not required to relinquish jurisdiction over supplemental state-law claims just because it has dismissed the federal claim before trial."); *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998) (federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court). Nevertheless, a district court should have good reason to retain jurisdiction over state law claims, balancing judicial economy, convenience, fairness, and comity. *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994).

Here, discovery was already commencing when Brooks dropped her federal claims. Furthermore, remanding the case against Helia Healthcare would require a duplication of time, energy, and expense to decide the liability of Helia Healthcare in state court, while deciding the related claims against the other defendants in federal court. *See Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (litigating one defendant's liability in state court while litigating the other defendant's liability in federal court would "duplicate effort, time, and expense"). Both the case against Helia Healthcare and the case against St. Elizabeth's Hospital, *et al.*, involve similar issues of fact and law, and there is a good chance that the same discovery will be relevant in both cases. Finally, retaining jurisdiction over the Helia Healthcare matter will ensure consistent pre-trial rulings in both cases. For these reasons, the Court

elects to continue exercising supplemental jurisdiction over Brooks's state law claim against Helia Healthcare.

## Conclusion

The Combined Motion to Dismiss Plaintiff's Second Amended Complaint and Remand the Consolidated Case filed by the United States of America (Doc. 59) is **DENIED**.

The Motion for Leave to File Third Amended Complaint to Add Claims Under the Illinois Survival Statute and for Leave to File Amended Section 2-622 Documents filed by Plaintiff Monique Brooks (Doc. 62) is **GRANTED**. Brooks shall file her amended complaint and Section 2-622 documents by **May 23, 2019**.

**IT IS SO ORDERED.**

DATED: May 16, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**