IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONIQUE BROOKS, as Independent Administrator of the Estate of Roxanne Bradford,<br><br>**Plaintiff,**<br><br>v.<br><br>HSHS MEDICAL GROUP, INC., LINDSAY R. O'NEIL, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, and UNITED STATES OF AMERICA,<br><br>**Defendants.** | Case No. 3:18-CV-563-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Reconsider Order Denying Motion to Quash Notices of Depositions filed by Defendants St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis ("St. Elizabeth's Hospital"), HSHS Medical Group, Inc., and Lindsay R. O'Neil, RN (Doc. 143). Defendants ask the Court to reconsider its Order requiring Defendants to present witnesses Laura Seipp, RN, Sarah Poirot, APN, and Steven Belknap, MD, for deposition via videoconference as noticed by Plaintiff Monique Brooks.

Motions to reconsider an interlocutory order are properly brought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that an order adjudicating fewer than all the claims among the parties "may be revised at any time" before the entry

of a final judgment. FED. R. CIV. P. 54(b). Motions to reconsider under Rule 54(b) serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

"A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). A motion to reconsider is only proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing. *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (motion for reconsideration cannot "serve as the occasion to tender new legal theories for the first time") (citation omitted).

Defendants present a number of reasons why their witnesses should not be required to prepare for and participate in their depositions at this time. Counsel notes it is expected to prepare and produce witnesses for deposition in person, which—at this time—goes against the shelter-in-place order issued by Governor Pritzker for all counties in the State of Illinois. Furthermore, conducting a deposition via videoconference runs

the risk of technical issues and other limitations. Specifically, Defendants note this case involves care rendered over two weeks and involves thousands of pages of medical records. Preparing and producing a witness via videoconference in a case involving that number of documents, Defendants assert, is difficult at best.

Defendants also note that Laura Seipp, RN, is assigned to the Emergency Department at St. Elizabeth's Hospital and, as result of the COVID-19 pandemic, has been working extra 12-hour shifts in the Emergency Department. Requiring her to attend a deposition would put a strain on her workload and present staffing issues for the hospital. Additionally, their expert, Dr. Steven Belknap, is a hospitalist in Chicago who has been actively assisting patients with COVID-19.

In response, Plaintiff argues that Defendants' motion for reconsideration raises new reasons to quash the scheduled depositions that were not included in Defendants' original motion, including the witnesses' individual circumstances and hospital staffing issues. Plaintiff also contends that Defendants violated the Court's order denying their motion to quash the deposition notices when they failed to produce Seipp for her scheduled deposition today without prior notice to Plaintiff, the court reporter, or the videographer. Finally, while Plaintiff is sensitive to COVID-19 and the challenges it presents, these depositions have been scheduled for months. Plaintiff asks that the depositions of witnesses Poirot and Belknap continue as scheduled, and that Seipp be rescheduled in the next 14 days.

The Court agrees with Plaintiff that reconsideration is not appropriate here. The Court has not misunderstood the parties, nor have any new facts been introduced that

could not have been included in the original briefing. While conducting a video deposition is not ideal and technical issues are inevitable, even the Court has had to adjust to holding hearings via Zoom, which it is doing on a regular basis. With no way of knowing when it may be safe to again hold depositions in person, the Court finds that proceeding via video is the most prudent course of action and ensures the litigation does not remained stalled due to the current pandemic. There is no good reason why this Court's order denying the previously filed motion to quash should have been ignored.

For these reasons, Defendants' Motion to Reconsider (Doc. 143) is **DENIED**. The depositions of Sarah Poirot, APN, and Steven Belknap, MD, shall proceed as scheduled. The deposition of Laura Seipp, RN, shall be rescheduled within the next **14 days**.

**IT IS SO ORDERED.**

**DATED:** May 12, 2020

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**NANCY J. ROSENSTENGEL**
　　　　　　　　　　　　　　　　　　　　　　　**Chief U.S. District Judge**