IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONIQUE BROOKS,
as Independent Administrator of the
Estate of Roxanne Bradford,

      **Plaintiff,**

v.

HSHS MEDICAL GROUP, INC.,
LINDSAY R. O'NEIL,
ST. ELIZABETH'S HOSPITAL OF THE
HOSPITAL SISTERS OF THE THIRD
ORDER OF ST. FRANCIS, and
UNITED STATES OF AMERICA,

      **Defendants.**

Case No. 3:18-CV-563-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are two motions to compel filed by Plaintiff Monique Brooks directed toward Defendant St. Elizabeth's Hospital (Docs. 148, 150). St. Elizabeth's Hospital filed timely responses in opposition (Docs. 152, 153). The Court now rules as follows.

**I.**     **Motion to Compel St. Elizabeth's Hospital to Produce Full and Complete AED Device History Records**

With this motion, Brooks seeks to compel full and complete device history records for the AED or defibrillator used during the code event that preceded decedent Roxanne Bradford's anoxic brain damage and premature death (Doc. 148). Brooks states that a central fact in this case is the failure or malfunction of an AED device during the code event. Thus, the device's history is relevant and material to the issue of notice to Defendant. To date, however, St. Elizabeth's Hospital has produced only work orders for

the single year preceding and including the code event for the subject AED. Brooks states that the device history for this AED is within the equipment database and easily accessible to St. Elizabeth's Hospital. She therefore asks the Court to compel St. Elizabeth's Hospital to produce the complete AED device history dating back to its purchase date of April 22, 2009, about six years prior to the code event.

In response, St. Elizabeth's Hospital notes that it produced one years' worth of records for the subject AED, despite its denial that any AED malfunction occurred during the code event. Although one doctor authored a note stating that an AED malfunctioned, there is no other evidence supporting the fact that a malfunction occurred. Thus, its position that the subject AED did not malfunction is reasonable. St. Elizabeth's Hospital further argues that Brooks did not cite to any authority supporting her contention that she is entitled to all work orders for the AED since its purchase, nor has she demonstrated that the work orders from the date of purchase are relevant to whether the AED malfunctioned on February 16, 2015.

Federal Rule of Civil Procedure Rule 26(b)(1) permits a party to obtain discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

Here, the information sought by Brooks certainly is relevant to her theory that an AED used during Bradford's code event failed or malfunctioned. Records for that AED

device may also be relevant to demonstrating whether St. Elizabeth's Hospital was on notice of any issues regarding the device. Given that the records she seeks are easily accessible by St. Elizabeth's Hospital and there appears to be little or no expense involved, the Court agrees that St. Elizabeth's should be required to produce more than one years' worth of work order records. On the other hand, Brooks has not provided any explanation as to how all records from the date of purchase are relevant to whether the AED malfunctioned on February 16, 2015.

Accordingly, the Court **GRANTS in part and DENIES in part** the Motion to Compel St. Elizabeth's Hospital to Produce Full and Complete AED Device History Records (Doc. 148). St. Elizabeth's Hospital is **ORDERED** to produce the complete AED device history records for the subject AED for **three years** prior to the code event on February 16, 2015, within **14 days** of this Order.

II.     **Motion to Compel St. Elizabeth's to Answer Discovery Due After the Discovery Deadline**

Brooks also asks the Court to compel St. Elizabeth's Hospital to respond to discovery after the discovery deadline (Doc. 150). On July 24, 2020, Brooks submitted her First Request for Admissions and Fifth Request for Production and Interrogatories to St. Elizabeth's. She asserts this discovery is relevant and material to the issue of the AED failure or malfunction. Specifically, Brooks has asked St. Elizabeth's Hospital for: production of manufacturer's specifications, the owner's/user's manual, and any warranty for the AED device; interrogatories related to the battery life for the AED device, whether it was rechargeable, the expiration date of the battery, and whether the AED is still in use for patients at St. Elizabeth's Hospital; and admissions related to when the

batteries were changed on the AED device.

In response, St. Elizabeth's Hospital notes that the discovery deadline was extended to August 7, 2020, in light of the Court's Second Amended Administrative Order No. 261 (*see* Doc. 147). Because the Scheduling and Discovery Order requires discovery to be served by a date that allows the served party 30 days in which to respond by the discovery cut-off date, the requests served by Brooks were untimely. Moreover, St. Elizabeth's argues, Brooks has failed to establish good cause to conduct discovery beyond the deadline. The requests, which concern the subject AED device, concern facts of which Brooks was aware at the outset of the litigation. Finally, St. Elizabeth's notes that Brooks previously opposed St. Elizabeth's motion to extend the initial discovery deadline, which is now contrary to her position that the deadline should be further extended.

The Court agrees with St. Elizabeth's Hospital that the discovery was not served in a timely manner. Furthermore, Brooks has provided no good cause for serving the late discovery or for extending the deadline further. After reviewing the discovery requests, it appears that Brooks could have sought the information and documents at a much earlier date. Therefore, the Motion to Compel St. Elizabeth's to Answer Discovery Due After the Discovery Deadline (Doc. 150) is **DENIED**.

This matter will be set for trial by separate order.

**IT IS SO ORDERED.**

DATED:   September 1, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**